CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
3/31/2022
JULIA C. DUDLEY, CLERK
BY: s/ C. Amos
          DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| KIMBERLY L.,[1] <br><br> *Plaintiff,* <br><br> v. <br><br> COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, <br><br> *Defendant.* | CASE NO. 6:20-cv-00026 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on consideration of the parties' cross-motions for summary judgment, Dkts. 15, 19, the Report and Recommendation of United States Magistrate Judge Robert S. Ballou, Dkt. 23 ("R&R"), and Plaintiff Kimberly L.'s objections thereto, Dkt. 24. Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to the Magistrate Judge for proposed findings of fact and a recommended disposition. In the R&R, the Magistrate Judge recommended this Court deny Plaintiff's motion for summary judgment and grant the Commissioner's motion for summary judgment.

The Court conducts a de novo review of those portions of the R&R to which Plaintiff objects. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). A plaintiff must make specific objections to the R&R; a plaintiff's objection must be more than mere disagreement with the Magistrate Judge's conclusions. *See Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008).

---

[1] The Court adopts the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

1

For the following reasons, the Court concludes that Plaintiff's objections are without merit, and adopts the R&R.

## Standard of Review

When examining a Social Security Administration ("SSA") disability determination, the reviewing court must uphold factual findings of the Administrative Law Judge ("ALJ") if they are supported by substantial evidence and were reached under application of the correct legal standard. *See* 42 U.S.C. § 405(g), 1383(c)(3); *Bird v. Comm'r*, 699 F.3d 337, 340 (4th Cir. 2012).

Substantial evidence is more than a mere scintilla—but less than a preponderance—of the evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650. 653 (4th Cir. 2005) (per curiam). Where "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the ALJ's decision. *Id.* Moreover, the reviewing court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig*, 76 F.3d at 589. "Ultimately, it is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

## Applicable Law

The Social Security Act defines a person as "disabled" if they are "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42

U.S.C. § 1382c(a)(3)(A). The "determination of eligibility for social security benefits involves a five-step inquiry." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). That five-step sequential evaluation process is set forth in agency regulations. *Thomas v. Berryhill*, 916 F.3d 307, 310 (4th Cir. 2019). In summary,

> The ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work.

*Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015).

The claimant has the burden of proof on each of steps 1 through 4, and the Commissioner has the burden at step 5. *Arakas v. Comm'r of Soc. Sec. Admin.*, 983 F.3d 83, 90 (4th Cir. 2020). If the claimant does not meet her burden at any step, she is determined not to be disabled. *Lewis v. Berryhill*, 858 F.3d 858, 861 (4th Cir. 2017).

## Background

In June 2016, the Claimant filed an application for disability insurance benefits and ("DIB") and Supplementary Security Income ("SSI") benefits, claiming that she was disabled from May 2016 on account of arthritis, high blood pressure, spinal stenosis, and Type 2 Diabetes. Administrative Record ("R."), Dkt. 10-1 at 323–29, 348, 352. The Claimant's application was denied on the initial determination and upon reconsideration. *Id.* at 145–55, 156–65, 167–76.

Thereupon, the ALJ in this case proceeded through each of the five-steps set forth above. At step 1, the ALJ found that the Claimant was engaged in substantial gainful activity during the following periods: July 18, 2016, through June 30, 2018. R. 76–77. Specifically, the ALJ found, based on her testimony, that the Claimant worked full-time at Deli Mart working in the deli,

running the cash register, among other tasks. *Id.* At step 2, the ALJ determined that the Claimant has the following severe impairments: cervical strain, degenerative disc disease, lumbar scoliosis, and obesity. R. 77–78. At step 3, the ALJ concluded that the Claimant did not have an impairment or combination of impairments that met or equaled the severity of one of the listed impairments. R. 79–80. Before turning to step 4, the ALJ found that the Claimant had the residual functional capacity or "RFC" "to perform light work as defined in 20 CFR 404.1467(b) and 416.967(b)." R. 80–82.

At step 4, the ALJ determined that the Claimant was capable of performing past relevant work as a receptionist in a medical office and as a scheduling supervisor in a healthcare facility. R. 83–84. Accordingly, the ALJ concluded that the Claimant was not disabled and denied her application for DIB and SSI benefits. R. 84. The Appeals Council denied the Claimant's request for review of the ALJ's decision. R. 1–4.

## Residual Functional Capacity Analysis

The Claimant argues that the ALJ erred in his determination regarding her physical residual functional capability. *See* Dkt. 24 at 2–4. She contends that substantial evidence does not support those findings. *Id.* at 2.

A claimant's RFC "is the most the claimant can still do despite physical and mental limitations that affect his ability to work." *Monroe v. Colvin*, 826 F.3d 176, 179 (4th Cir. 2016) (cleaned up). In making that finding, the ALJ "must consider all of the claimant's physical and mental impairments, severe or otherwise, and determine, on a function-by-function basis, how they affect the claimant's ability to work." *Thomas*, 916 F.3d at 311 (cleaned up). The ALJ "must provide a narrative discussion describing how the evidence supports each conclusion." *Id.*

(citation omitted). In other words, "a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Id.*

The Claimant argues that the ALJ in this case made the same error as the ALJ had made in *Monroe v. Colvin*, namely that "the ALJ failed to assess whether plaintiff's impairments would cause her to experience episodes of pain necessitating breaks and if so, how often those breaks would occur." Dkt. 24 at 2. According to the Claimant, the ALJ failed to make "specific findings regarding how often plaintiff would experience her symptoms during work." *Id.* at 3. In *Monroe*, the ALJ had acknowledged that the claimant had suffered from sleep apnea and narcolepsy, and the claimant testified he would lose consciousness several times per day and would need to take breaks because of fatigue. 826 F.3d at 188. However, the ALJ "never made specific findings about whether Monroe's apnea or narcolepsy would cause him to experience episodes of loss of consciousness or fatigue necessitating breaks in work and if so, how often these events would occur." *Id.*

Here, by contrast, the ALJ acknowledged that Claimant suffers from degenerative disc disease and obesity, scoliosis and spondylosis, and also acknowledged that she "had findings of mild tenderness of her neck and back and pain with range of motion." R. 62. The ALJ found that the record demonstrated the Claimant had these conditions that "singly or in combination, may cause her pain and other difficulty." *Id.* However, the ALJ also determined that the evidence as a whole suggested that the Claimant's symptoms may not be as severe as described at the hearing. *Id.* The ALJ therefore concluded that the RFC gave adequate weight to Claimant's complaints of pain or difficulty resulting from those conditions, as the ALJ determined was consistent with the evidence. *Id.* Accordingly, "[t]he ALJ did not make the same mistake as the ALJ in *Monroe* because he acknowledged and accommodated [the Claimant's] complaints of pain and fatigue."

5

*See Carolyn M. v. Kijakazi*, No. 7:20-cv-88, 2021 WL 4482976, at *6 (W.D. Va. Sept. 29, 2021) (Urbanski, C.J.).

The Claimant also argues that the ALJ's RFC findings that Plaintiff "rarely missed work" and was able to perform her duties without coworkers' assistance, ignored contrary evidence in the record that the Claimant only worked part time; that she had received assistance lifting heavy boxes; and her manager allowed her more breaks. *See* Dkt. 24 at 3. A more complete review of the ALJ's decision reflects that such facts had been explicitly considered, rather than ignored. The ALJ noted in his RFC analysis that the Claimant had been "working at substantial gainful activity levels for approximately two years after her alleged onset date." R. 82. In the ALJ's earlier description of such work, the ALJ explicitly noted that the Claimant "alleged that other people lifted heavy boxes for her … and her manager allowed her to take additional breaks." R. 77. And the ALJ determined noted the Claimant's admission that "she was able to perform all job duties with the exception of getting help with heavy lifting and additional breaks." *Id.* Finally, the Claimant criticizes the ALJ's decision for failure to more explicitly address her "manipulative limitations or absenteeism from full time work," Dkt. 24 at 3 (citing Dkt. 16 at 15–16), however, the record reflects that the ALJ amply discussed some of those issues including range of motion limitations at length.[2] While remand of an RFC analysis may be appropriate when the ALJ "fails to assess a claimant's capacity to perform relevant functions,

---

[2] *See, e.g.*, R. 81 (Aug. 2015, describing "tenderness of the left-sided paracervical muscles, but [she] retained full range of motion"); *id.* (Dec. 2016, describing "tenderness over her neck with limited range of motion, and mild tenderness in her lumbar spine with limited range of motion"); *id.* (June 2017, describing "mild tenderness in her neck with restricted range of motion and discomfort with range of motion in her low back"); *id.* (Dec. 2018, describing "mild to moderate pain, and [she] had an antalgic gait, reduced range of motion, and a positive straight-leg raise test," and she was advised on "proper lifting technique and discussed avoidance of heavy lifting").

despite contradictory evidence in the record, or where other inadequacies in the [ALJ's] analysis frustrate meaningful review," *Britt v. Saul*, 860 F. App'x 256, 262 (4th Cir. 2021) (unpublished), however, "meaningful review is frustrated" only where the court is "unable to fathom the [ ] rationale in relation to the record," *id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). In this case, the ALJ amply articulated its RFC analysis providing more than sufficient basis for judicial review.[3] The ALJ considered the Claimant's complaints and explained why the evidence did not supporter greater RFC restrictions, which description allowed the Court to see how the evidence in the record supported the ALJ's determination. R. 80–83. The ALJ's RFC analysis was supported by substantial evidence.

## Subjective Evidence

The Claimant also argues that the ALJ failed to properly assess her subjective allegations. Dkt. 24 at 4–6. At the outset, the Court notes that many of the Claimant's points on this issue are little more than general or conclusory objections, which would not trigger a de novo review. *See, e.g.*, *Christel R. v. Kijakazi*, No. 7:20-cv-378, 2022 WL 965898 (W.D. Va. Mar. 29, 2022) (Dillon, J.) ("As other courts have recognized in the social security context, the Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present arguments already considered by the Magistrate Judge.") (citation and internal quotation marks omitted). Focusing on the Claimant's specific arguments, the Claimant takes issue with language from the ALJ's decision in which he noted that in December 2018, her

---

[3] The Claimant also faults the ALJ for not making a finding whether her cervical radiculopathy was a severe impairment. Dkt. 24 at 4. Although the ALJ did not specifically determine whether it was a severe impairment, in substance the ALJ discussed it as described in and citing the specific treatment note in which she was diagnosed with cervical radiculopathy, and further describing the Claimant's neck pain, tenderness, and related symptoms. R&R at 12; *see e.g.*, R. 81 (citing R. 395) (Apr. 26, 2016, appointment).

worse symptoms of an "antalgic gait [and] reduced range of motion," among others, appeared to have been caused by "an acute exacerbation of symptoms." Dkt. 24 at 5; R. 82. The Claimant argues that that was a "conclusory statement" for which there is "no support in the record," and that is further "inconsistent with the fact that [she] was referred to a neurosurgeon for evaluation of back pain with radiation to the right leg." Dkt. 24 at 5. However, far from making a conclusory statement without support, the ALJ determined that "the record does not demonstrate that these findings continued at this [December 2018] level," and further explained that the Claimant "was able to perform substantial activities of daily living, including going to the gym, driving, [and] performing household chores," as well as "working at substantial gainful activity for approximately two years after her alleged onset date." R. 82.

As aptly described by the Magistrate Judge who carefully analyzed Plaintiff's arguments concerning subjective allegations in the first instance, the Claimant "does not identify any subjective complaints that the ALJ failed to consider," "[n]or does she identify any specific instances in this case where the ALJ improperly applied the legal standards," but rather she "asks the court to re-evaluate her subjective allegations and to come to a different conclusion from that of the ALJ." R&R at 17. The ALJ had also discussed her medical history along with her own allegations, and adequately supported his finding that her allegations were not entirely consistent with the medical evidence and other evidence in the record. *Id.* at 15. And the ALJ acknowledged and considered contrary evidence. *Id.* at 15–16. The Claimant's objections on this issue do little to hone any perceived flaw in the ALJ's assessment of her subjective allegations.

*See* Dkt. 24 at 4–6. Accordingly, the Court concludes that the ALJ's determination that Claimant was not disabled was supported by substantial evidence.[4]

## Conclusion

Finding the Claimant's objections to the R&R without merit, and the R&R's analysis of and recommended disposition of the competing motions for summary judgment to be well-reasoned and correct, the Court will, in an accompanying Order, adopt the R&R, grant the Commissioner's motion for summary judgment, deny the Claimant's motion for summary judgment, affirm the ALJ's decision in this case, and dismiss the case.

An appropriate Order will issue, and the Clerk of the Court is hereby directed to send a copy of this Memorandum Opinion and the accompanying Order to the parties.

ENTERED this __31st__ day of March, 2022.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] The Court concludes that the ALJ's determination that the Claimant was capable of performing past relevant work with her residual functional capacity, and therefore that she was not disabled under step 4 of the analysis. Therefore, the Court need not separately consider the ALJ's decision that she was not disabled under step 1 of the analysis on the basis that she had been engaged in substantial gainful activity.